UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN ARA DAKESSIAN, | ) | 1:12-cv—00686-SKO-HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS WITHOUT |
| | ) | LEAVE TO AMEND (DOC. 1) |
| v. | ) | |
| | ) | ORDER DECLINING TO ISSUE A |
| J. D. HARTLEY, | ) | CERTIFICATE OF APPEALABILITY AND |
| | ) | DIRECTING THE CLERK TO CLOSE THE |
| Respondent. | ) | CASE |
| | ) | |
| | ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 11, 2012 (doc. 4). Pending before the Court is the petition, which was filed on May 1, 2012.

    I.  <u>Screening the Petition</u>

    Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly

1

appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

    The Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    Petitioner alleges that he is an inmate of the Avenal State Prison (ASP) located at Avenal, California, serving a sentence of twenty-six years to life imposed in the Superior Court of the State of California, County of San Diego, for his 1991 conviction of first degree murder in violation of Cal. Pen. Code § 187.

(Pet. 1.)  Petitioner challenges a prison disciplinary finding that on September 27, 2009, he possessed a cellular phone, which resulted in the loss of thirty (30) days of time credit.  (Id. at 9, 38.)

Petitioner alleges the following claims in the petition:  1) the failure to assign Petitioner an investigative employee pursuant to Cal. Code of Regs., tit. 15, § 3315(d) violated his rights to due process of law, equal protection of the laws, and California statutes and regulations; 2) the failure to permit Petitioner to call Correctional Officers Puente and Pedone as witnesses violated his rights to due process of law, equal protection of the laws, and California statutes and regulations; 3) the failure to admit the telephone as evidence at the hearing denied Petitioner's right to due process of law; 4) the hearing officer conducted a confusing, one-stage hearing in violation of a departmental operations manual and Petitioner's rights to due process of law and equal protection; 5) the hearing officer was biased because he a) stated that his officers did not lie, and b) made a highly subjective determination that inmate Escoto had not told the truth and was not believed by the other officers; and 6) Petitioner's rights to due process and equal protection under the Fifth and Fourteenth Amendments were violated when Petitioner was erroneously found guilty of a rules violation despite overwhelming evidence demonstrating Petitioner's innocence.  (Pet. 4, 11-16.)

II.   Background

Petitioner alleges that on September 27, 2009, Correctional Officers Bradley, Puente, and Pedone searched Petitioner's

3

dormitory area and the persons of all occupants of the area, including Petitioner. Petitioner alleges that although this was unknown to him, as searching staff members approached, inmate Escoto removed a cellular phone from his possession and tossed it over a bunk and into a lidless box placed under Petitioner's bunk. (Pet. 9.) When the telephone was discovered, Escoto explained to staff that he had placed the phone where it was found. Escoto also offered to demonstrate ownership of the phone with information concerning its security code and personal pictures stored on the telephone. Escoto described the telephone, and the inmates were told that Escoto would be charged with possessing it in violation of the rules. (Id. at 9-10.)

Petitioner was charged with the violation. Correctional Officer T. Bradley wrote a rules violation report in which he stated he found the telephone "secreted in a box of legal material owned by Inmate Dakessian" that was located between Petitioner's locker and his assigned bunk. (Pet. 35.) Petitioner's request for an investigative employee was denied because the issues were not complex, Petitioner's housing status was not adversely affected, and Petitioner had the opportunity to collect and present evidence necessary for an adequate presentation of a defense. (Id. at 36.) Petitioner's request for witnesses was granted.

Inmate Escoto was asked regarding the possession of a telephone. Escoto testified he was visiting the dorm when officers entered, which caused him to become afraid and throw the phone around his bunk area. (Id.) Correctional Officer Bradley also testified. When asked if he had seen the telephone in

4

Petitioner's hand, Bradley replied that he had not. (Id.) The hearing officer stated that the telephone had been lost. (Id. at 41.)

Following the conclusion of the hearing, Petitioner complained that he had additional questions to ask Officer Bradley; he was allowed to question Bradley further. Bradley testified that he, not Officer Puente, had found the phone; Officer Bradley assumed that Petitioner's locker was across, not by, his bed; Petitioner's legal material was in a box; it was possible that if the telephone had been thrown, it could have fallen into the box; and inmate Escoto had approached Officer Bradley and had claimed ownership of the telephone. (Id. at 37-38.) The hearing officer indicated that he considered the additional testimony and determined that there was no evidence to warrant overturning the guilty finding. (Id. at 38.)

The hearing officer found Petitioner guilty of the violation based on Officer Bradley's written report of finding the telephone secreted in Petitioner's box of legal materials. With respect to Escoto's claim of ownership of the telephone, the hearing officer wrote the following:

> Although Inmate Escoto testified, alleging the phone was his, all the surrounding circumstances as to how things transpired indicate that neither the Reporting Employee nor the other officers believed the witnesses (sic) allegations, and therefore; (sic) issued the Rules Violation Report to Inmate Dakessian after the phone was discovered secreted in a box of legal material belonging to inmate Dakessian.

(Id. at 37.)

Petitioner attempted to exhaust administrative remedies, but his administrative appeal was deemed untimely. Despite the

5

prison's rejection of his appeal, Petitioner sought to complete the administrative review process because he was limited by ill health and had been the victim of an assault, which caused him to be moved to a different facility and ultimately resulted in the loss of pertinent paperwork. (Id. at 43-52.)

Petitioner sought habeas corpus from the state courts. The Kings County Superior Court denied the petition on the grounds that some evidence supported the decision. (Id. at 18-19.) The Court of Appeal denied the petition and further stated that Petitioner failed to exhaust his administrative remedies.[1] The California Supreme Court denied a habeas petition summarily. (Id. at 20-24.)

### III. Failure to State Facts Warranting Relief

#### A. Legal Standards

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation

---

[1] Whether Petitioner's resort to the administrative process was sufficient to meet the legal requirements for exhaustion of state administrative remedies is unclear. However, although a habeas petitioner will not be afforded relief in the courts unless he has exhausted available state judicial and administrative remedies, Preiser v. Rodriguez, 411 U.S. 475, 494-95 (1973), a court may reach the merits of a claim even in the absence of exhaustion where it is clear that the claim is not colorable. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"); Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

6

of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. <u>Wilson v. Corcoran</u>, 562 U.S. at 16; <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991). Thus, alleged errors in the application of state law are not cognizable in federal habeas corpus. <u>Souch v. Schaivo</u>, 289 F.3d 616, 623 (9th Cir. 2002). In a habeas proceeding, this Court is bound by the California Supreme Court's interpretation of California law unless it is determined that the interpretation is untenable or a veiled attempt to avoid review of federal questions. <u>Murtishaw v. Woodford</u>, 255 F.3d 926, 964 (9th Cir. 2001).

Title 28 U.S.C. § 2254 provides in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Clearly established federal law refers to the holdings, as opposed to the dicta, of the decisions of the Supreme Court as of the time of the relevant state court decision. <u>Cullen v. Pinholster</u>, - U.S. -, 131 S.Ct. 1388, 1399 (2011); <u>Lockyer v.</u>

7

Andrade, 538 U.S. 63, 71 (2003); Williams v. Taylor, 529 U.S. 362, 412 (2000). A state court's decision contravenes clearly established Supreme Court precedent if it reaches a legal conclusion opposite to, or substantially different from, the Supreme Court's or concludes differently on a materially indistinguishable set of facts. Williams v. Taylor, 529 U.S. at 405-06. A state court unreasonably applies clearly established federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002); see, Williams, 529 U.S. at 407. An application of clearly established federal law is unreasonable only if it is objectively unreasonable; an incorrect or inaccurate application is not necessarily unreasonable. Williams, 529 U.S. at 410.

A state court's determination that a claim lacks merit precludes federal habeas relief as long as it is possible that fairminded jurists could disagree on the correctness of the state court's decision. Harrington v. Richter, 562 U.S. -, 131 S.Ct. 770, 786 (2011).

       B. Due Process Claims

Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it

8

would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.

### 1. Claims Based on State Statutes and Regulations

In connection with his various claims, Petitioner refers to state statutes and regulations. To the extent that Petitioner's claims are premised upon state law, they are not within the scope of this Court's review in a proceeding brought pursuant to 28 U.S.C. § 2254. Further, granting leave to amend the petition with regard to these portions of Petitioner's claims would be futile because amendment could not result in tenable due process claims.

Accordingly, Petitioner's state law claims will be dismissed without leave to amend.

### 2. Failure to Assign an Investigative Employee

Petitioner's request for an investigative employee was made pursuant to Cal. Code Regs., tit. 15, § 3315. The requirements of procedural due process do not include an investigative employee. Wolff v. McDonnell, 418 U.S. at 563-64. Petitioner's claim is based on state law and thus is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

Accordingly, Petitioner's claim must be dismissed. Because the defect in the claim results from its origin in state law, Petitioner could not state a tenable due process claim if leave to amend were granted. Thus, the claim will be dismissed without

9

leave to amend.

### 3. Failure to Permit Petitioner to Call Additional Correctional Officers as Witnesses

Petitioner argues that his right to due process of law was violated by the hearing officer's denial of his request to call Officers Puente and Pedone as witnesses. Although the documentation submitted by Petitioner does not demonstrate that such a request was denied, it will be assumed for the purpose of analysis that the hearing officer denied such a request.

Petitioner had a right to call witnesses and present documentary evidence if it would not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. at 563-64. However, the right to call witnesses and to present evidence at a disciplinary hearing is limited by the prison authorities' discretion concerning undue hazards to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. at 563-64. The right to call witnesses is circumscribed by the necessary mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application. The Supreme Court has noted that a disciplinary authority may decline to allow an inmate to call a witness for irrelevance, lack of necessity, or hazards presented in individual cases. Baxter v. Palmigiano, 425 U.S. 308, 321 (1976). A prison disciplinary hearing officer's decision that an inmate's request to call witnesses may properly be denied as irrelevant, unnecessary, unduly prolonging the hearing, or jeopardizing of prison safety is entitled to deference from the Court. See, Wolff v. McDonnell, 418 U.S. at

563-64; Ponte v. Real, 471 U.S. 491, 497-98 (1985); Neal v. Shimoda, 131 F.3d 818, 831 (9th Cir. 1997); Zimmerlee v. Keeney, 831 F.2d 183, 187 (9th Cir. 1987).

Here, Petitioner was allowed to examine at length Correctional Officer Bradley – the officer who actually conducted the search in question. It could reasonably have been concluded that the two additional correctional officers would provide essentially duplicative testimony as to the discovery of the telephone and Escoto's claim of ownership, and thus the evidence would have been cumulative. The issue of whether or not the other officers believed inmate Escoto's claim of ownership of the cell phone was not material. The denial of Petitioner's request was thus within the scope of the hearing officer's discretion.

Further, generally, a failure to meet a prison guideline regarding a disciplinary hearing would not alone constitute a denial of due process. See, Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989). In the absence of controlling authority, several courts have concluded that to establish a denial of due process of law, prejudice is generally required. See, Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also, Tien v. Sisto, Civ. No. 2:07-cv-02436-VAP (HC), 2010 WL 1236308, at *4 (E.D.Cal. Mar. 26, 2010) ("While neither the United States Supreme Court or the Ninth Circuit Court of Appeals has spoken on the issue, numerous federal Courts of Appeals, as well as courts in this district, have held that a prisoner must show prejudice to state a habeas claim based on an alleged due process violation in a disciplinary proceeding") (citing Pilgrim v. Luther, 571 F.3d 201, 206 (2d Cir. 2009); Howard v. United States Bureau of

11

Prisons, 487 F.3d 808, 813 (10th Cir. 2007); Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir. 2003); Elkin v. Fauver, 969 F.2d 48, 53 (3d Cir. 1992); Poon v. Carey, No. Civ. S-05-0801 JAM EFB P, 2008 WL 5381964, at *5 (E.D.Cal. Dec. 22, 2008); Gonzalez v. Clark, No. 1:07-CV-0220 AWI JMD HC, 2008 WL 4601495, at *4 (E.D.Cal. Oct. 15, 2008)).

In sum, Petitioner has not stated facts suggesting a constitutional violation. The documentation of the disciplinary process submitted by Petitioner in connection with the petition shows that Officer Bradley reported discovery of the phone secreted in a box of legal materials owned by Petitioner. Inmate Escoto himself testified to the pertinent events. If leave to amend were granted, Petitioner could not state a tenable due process claim.

Accordingly, the claim will be dismissed without leave to amend.

### 4. Failure to Admit the Telephone in Evidence

Petitioner argues that he was denied due process of law by the failure to admit the telephone into evidence. The record reflects that the telephone was taken by Officer Bradley to the Facility II evidence locker pending delivery to the ASP investigative services unit; the hearing officer later denied a request to introduce the telephone and stated that the telephone had been lost. (Id. at 35, 41.)

Even in a criminal prosecution, due process is not violated by the failure to preserve material exculpatory evidence where the loss occurs in the absence of bad faith on the part of law enforcement. Arizona v. Youngblood, 488 U.S. 51, 58 (1988).

Here, Petitioner was charged not with criminal conduct, but rather with a violation of an administrative rule. There is no basis for an inference of any bad faith on the part of the prison authorities with respect to the loss of the cell phone. Further, in light of the evidence supporting the finding, Petitioner has not shown any prejudice from the absence of the telephone.

Accordingly, Petitioner's claim will be dismissed without leave to amend.

### 5. Single-Stage Hearing

Petitioner argues that the hearing officer did not document the hearing process in three stages in compliance with prison hearing protocol.

Petitioner had the opportunity to be present at a hearing after receipt of notice of the charges, examine witnesses and otherwise be heard, and receive a statement of the reasons for the decision. Petitioner received all process that was due under the Fourteenth Amendment; his claim concerning the form of documentation of the hearing is not within the scope of this Court's review pursuant to § 2254.

Accordingly, the claim will be dismissed without leave to amend.

### 6. Alleged Bias of the Hearing Officer

Petitioner argues that the hearing officer was biased because he stated that the correctional officers involved in reporting the rules violation did not lie, and he concluded that inmate Escoto had not told the truth and was not believed by the other officers.

A fair trial in a fair tribunal is a basic requirement of

13

due process. In re Murchison, 349 U.S. 133, 136 (1955). The Supreme Court has ruled that a committee of correctional officers and staff, acting with the purpose of taking necessary disciplinary measures to control inmate behavior within acceptable limits, was sufficiently impartial to conduct disciplinary hearings and impose penalties including revocation of good time credits. Wolff v. McDonnell, 418 U.S. 539, 570-71 (1974).

Fairness requires an absence of actual bias and of the probability of unfairness. In re Murchison, 349 U.S. at 136. Bias may be actual, or it may consist of the appearance of partiality in the absence of actual bias. Stivers v. Pierce, 71 F.3d 732, 741 (9th Cir. 1995). A showing that the adjudicator has prejudged, or reasonably appears to have prejudged, an issue is sufficient. Kenneally v. Lungren, 967 F.2d 329, 333 (9th Cir. 1992). There is, however, a presumption of honesty and integrity on the part of decision makers which may be overcome by evidence of a risk of actual bias or prejudgment based on special facts and circumstances. Withrow v. Larkin, 421 U.S. 35, 46-47, 58 (1975).

The mere fact that a decision maker denies relief in a given case or has denied relief in the vast majority of cases does not demonstrate bias. Stivers v. Pierce, 71 F.3d at 742. Unfavorable judicial rulings alone are generally insufficient to demonstrate bias unless they reflect such extreme favoritism or antagonism that the exercise of fair judgment is precluded. Liteky v. United States, 510 U.S. 540, 555 (1994).

///

Here, the hearing officer made credibility findings – a task necessary to the process of decision making in the present case. The hearing officer was entitled to disbelieve inmate Escoto's claim of ownership and to rely on the telephone's being secreted among Petitioner's belongings as a basis for concluding that Petitioner possessed the cell phone. The record of the disciplinary process is fully developed, but it contains no basis for a finding of actual bias or prejudgment. After coming to an initial conclusion, the hearing officer effectively reopened the hearing to consider additional evidence that Petitioner considered critical. There is no evidence that would support a conclusion that the hearing officer had prejudged the case.

The Court concludes that Petitioner has failed to state facts that point to a real possibility of constitutional error with respect to the impartiality of the hearing officer. Because a fully developed record was submitted by Petitioner in support of his allegations, Petitioner could not state a tenable claim if leave to amend were granted. Accordingly, the claim will be dismissed without leave to amend.

### 7. Absence of Some Evidence to Support the Finding

Petitioner argues that his right to due process of law was violated by the finding that he possessed the phone because the evidence overwhelmingly demonstrated Petitioner's innocence.

Where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to ensure that there was some basis in fact for the decision. Superintendent v. Hill, 472 U.S. at 457.

Here, Officer Bradley's report that the cell phone was found secreted in a box of Petitioner's legal materials in proximity to Petitioner's bunk constituted some evidence supportive of the finding. Officer Bradley was operating within the scope of his duties and reported the facts based on his personal knowledge. Thus, the evidence has some indicia of reliability. See, Cato v. Rushen, 824 F.2d 703, 704-05 (9th Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457 (1985)). This Court will not re-weigh the evidence or engage in credibility determinations.

Accordingly, Petitioner's due process claim based on an absence of evidence to support the finding will be dismissed without leave to amend.

16

C.  Equal Protection

Petitioner alleges generally that with respect to the foregoing claims, his right to equal protection of the laws was violated.

Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race, religion, or membership in a protected class subject to restrictions and limitations necessitated by legitimate penological interests. Wolff v. McDonnell, 418 U.S. at 556; Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). The Equal Protection Clause essentially directs that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). Violations of equal protection are shown when a respondent intentionally discriminates against a petitioner based on membership in a protected class, Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or when a respondent intentionally treats a member of an identifiable class differently from other similarly situated individuals without a rational basis, or a rational relationship to a legitimate state purpose, for the difference in treatment, Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

Here, Petitioner has not alleged that membership in a protected class was the basis of any alleged discrimination. Petitioner fails show that he was intentionally treated differently from others similarly situated, and he does not show that he was intentionally discriminated based on his membership in a protected class. The record of the disciplinary proceedings

reveals no basis for a claim of discriminatory or unequal treatment.

Accordingly, Petitioner's equal protection claim must be dismissed. Because full documentation of the disciplinary proceedings has been provided to the Court, it is not possible that Petitioner could amend the petition to state a tenable equal protection claim.

In summary, Petitioner's claims will be dismissed without leave to amend.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel,

529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong.  Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed.  Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Therefore, the Court will decline to issue a certificate of appealability.

V.  Disposition

Accordingly, it is ORDERED that:

1)  The petition for writ of habeas corpus is DISMISSED without leave to amend; and

2)  The Court DECLINES to issue a certificate of appealability; and

///
///
///
///

3) The Clerk is DIRECTED to close the case because the dismissal of the case terminates the action in its entirety.

IT IS SO ORDERED.

**Dated:   June 6, 2012**                          /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE